**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30061 |
| Plaintiff-Appellee, | D.C. No.<br>3:13-cr-05369-RBL-1 |
| v. | |
| EMIEL A. KANDI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 14, 2021[**]
Seattle, Washington

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

Defendant Emiel Kandi appeals three conditions of his three-year term of

supervised release. Reviewing for abuse of discretion, United States v. Napulou,

593 F.3d 1041, 1044 (9th Cir. 2010), we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The district court did not abuse its discretion in requiring Defendant to deposit all income into, and pay all expenses from, a single bank account. Defendant pleaded guilty to defrauding the government of more than $800,000 through falsified mortgage applications. He then failed to comply with a condition that he supply his probation officer with an accurate accounting of his assets and income. Thus, the district court permissibly concluded that a third-party accounting of Defendant's finances would best reflect his characteristics, deter future lawbreaking, and protect the public. 18 U.S.C. §§ 3583(e)(2), 3553(a). That Defendant, who submitted mortgage applications to financial institutions, now has a philosophical objection to banking does not alter the calculus.

Nor did the district court run afoul of our cases when it told Defendant that it had "delegated" authority to resolve disputes to the probation officer. Cf. United States v. Stephens, 424 F.3d 876, 883 (9th Cir. 2005) (holding that the district court impermissibly delegated its statutory duty "when it failed to state the maximum number of non-treatment drug tests the probation officer could impose" (emphasis omitted)). The district court made that comment after it stated that it would impose the disputed condition. In context, the comment did not retroactively taint that decision. The court's statement is most naturally read not as

delegating the decision of what condition to impose but, rather, as inviting Defendant to demonstrate to his probation officer that his compromise is workable.

2. The district court did not abuse its discretion in requiring that Defendant receive approval before working "in the field of mortgage loans and debt consolidation." The district court permissibly concluded that the condition is "reasonably related" to the nature and circumstances of the offense, protecting the public, and deterring future offenses. 18 U.S.C. §§ 3583(e)(2), 3583(d). That the government was open to an alternative condition as a compromise does not undermine the district court's decision. Furthermore, if Defendant obtains approval, he may still work in the commercial lending industry.

3. The district court did not abuse its discretion in declining to modify its condition that Defendant "shall not be self-employed nor shall [he] be employed by friends, relatives, associates or persons previously known to the defendant, unless approved by the U.S. Probation Officer." Given Defendant's fraudulent loan scheme and his failure to comply with financial disclosure conditions early in his term of supervision, the district court permissibly concluded that Defendant would fare better if a neutral third party supervised his work. Defendant's suggestion that the condition infringes on his "fundamental right to familial association," United

3

States v. Wolf Child, 699 F.3d 1082, 1087 (9th Cir. 2012), is not well taken.

Defendant is not barred from associating with family members.

**AFFIRMED.**